**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| CHARLES ANTHONY DAVIS | : | |
|  | : | Civ. Action No. 19-10040(RMB) |
| Petitioner | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| DAVID E. ORTIZ, WARDEN | : | |
|  | : | |
| Respondent | : | |

**BUMB,** United States District Judge

This matter comes before the Court upon Petitioner Charles Anthony Davis' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, alleging his burglary conviction in Georgia cannot serve as a violent crime in support of a sentence enhancement under the Armed Career Criminal Act ("ACCA") because he was only seventeen-years-old when convicted of burglary. (Pet., ECF No. 1; Petr's Mem., ECF No. 1-2 at 6-8.) Respondent filed an answer, opposing habeas relief. ("Answer," ECF No. 13.) Petitioner filed a motion for default judgment (Mot. for Default J., ECF No. 14), and a reply to Respondent's answer. ("Reply," ECF No. 15.) For the reasons discussed below, the Court denies Petitioner's motion for default judgment and dismisses the petition for lack of jurisdiction.

I.   MOTION FOR DEFAULT JUDGMENT

On October 7, 2019, Petitioner moved for default judgment because Respondent had not filed an answer to the petition. (Mot. for Default, ECF No. 13.) In his reply brief, Petitioner acknowledged that Respondent filed an answer in compliance with the Court's Order dated September 29, 2019. (Reply Brief, ECF No. 15 at 1.) Therefore, Petitioner seeks relief on the merits of his petition, and the Court will dismiss the motion for default judgment as moot.

II.  BACKGROUND

   A.   Petitioner's Conviction

On February 3, 2010, a grand jury in the Southern District of Georgia charged Petitioner with three counts, as follows: (1) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); (2) possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). See United States v. Davis, 10cr41, (S.D. Ga. Feb. 3, 2010, ECF No. 1) (hereinafter "Davis, 10cr41.")[1] On November 10, 2010, Petitioner pled guilty to Count One, felon in possession of a firearm, in

---

[1] Available at www.pacer.gov.

violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Davis, 10cr41, ECF Nos. 41-43.

In the Plea Agreement, Petitioner admitted the factual basis for his guilty plea, including his previous convictions of numerous felonies. Id., ECF No. 43 at 5-6. Petitioner also agreed to waive the right to file a direct appeal and the right to collaterally attack his conviction and sentence, unless his sentence exceeded the statutory maximum or departed upward from the advisory Guidelines range, or the Government appealed the sentence. Id. at 4-5.

After entry of the plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). Id., ECF No. 64 at 5-6. The PSR suggested that Petitioner qualified for an enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) based on his prior convictions, including: (1) a 1986 conviction for burglary of a residence; (2) a 1991 conviction for possession and intent to distribute cocaine; and (3) a 1992 conviction for the sale of cocaine. Id. at 5. Thus, according to the PSR, Petitioner was an armed career criminal within the meaning of U.S.S.G. § 4B1.4, with a mandatory minimum term of imprisonment of 180 months. Id. at 6. With a total offense level of thirty-one, and a criminal history category of VI, Petitioner's Guidelines range was set above the statute minimum, between 188 and 235 months imprisonment. Id. On February 17, 2011, Petitioner was sentenced

to the mandatory minimum 180-month term of imprisonment with five years of supervised release, by United States District Judge J. Randal Hall. Davis, 10cr41, ECF No. 50.

 B. Petitioner's Prior Motions under 28 U.S.C. § 2255

After sentencing, Petitioner filed three motions under 28 U.S.C. § 2255. Davis, 10cr41, ECF Nos. 52, 71, 89. First, Petitioner raised unsuccessful claims that (1) his collateral waiver in the Plea Agreement was not knowing and voluntary; (2) his counsel was ineffective for failing to request a competence evaluation; (3) counsel was ineffective for failing to investigate prior convictions used to enhance his sentence; and (4) his guilty plea was not knowing and voluntary. Id., ECF Nos. 64, 69.

For his second motion under § 2255, Petitioner argued his prior Georgia burglary conviction no longer qualified as an ACCA predicate offense in light of Johnson v. United States, 135 S. Ct. 2551 (2015), Mathis v. United States, 136 S. Ct. 2243 (2016), and Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). Davis, 10cr41, ECF No. 79. The sentencing court denied Petitioner's second motion under § 2255, finding that Petitioner's Georgia burglary conviction qualified as a violent felony under the enumerated offenses clause of the ACCA. Davis, 10cr41, ECF Nos. 85 at 9-13, 87.

Petitioner filed a third motion under § 2255, arguing that his prior conviction for burglary does not qualify as a predicate

4

offense under the ACCA because Petitioner was seventeen years old at the time of the offense. Davis, 10cr41, ECF No. 89. The sentencing court found that the motion was an unauthorized second or successive petition, and that the case Petitioner relied on was more than twenty years old; therefore, he could have brought the claim earlier. Davis, 10cr41, ECF No. 95 at 7-8, 98. Further, Petitioner alternatively asked for relief under § 2241, and the sentencing court ruled that the savings clause of § 2255(e) did not permit Petitioner to bring his claim under § 2241. Id. Petitioner makes the same argument in his present petition that he made to the sentencing court in his third motion under § 2255. (Petr's Mem., ECF No. 1-2.)

III. DISCUSSION

    A.   The Petition

Petitioner seeks resentencing without a career criminal enhancement under the ACCA, because he was only seventeen-years-old when convicted of burglary in Georgia. Thus, he contends the burglary conviction cannot be used to enhance his sentence under the ACCA. (Petr's Mem., ECF No. 1-2, citing United States v. Pinion, 4 F.3d 941 (1993)). Petitioner asserts that he may bring his claim under § 2241, based on the savings clause of 28 U.S.C. § 2255(e) because § 2255 is inadequate or ineffective in providing a remedy. (Id. at 6.)

5

B.   The Answer

Respondent contends that this Court lacks subject matter jurisdiction to consider Petitioner's challenge to his sentence under § 2241. (Answer, ECF No. 13 at 8-11.) Respondent recognizes that there are rare instances where a petitioner can challenge his conviction and sentence in the district of confinement under § 2241, where 28 U.S.C. § 2255 provides an inadequate remedy in the sentencing court. (Id. at 9-10.) This is not such a case, Respondent maintains, because Petitioner relies on United States v. Pinion, 4 F.3d 941 (1993), which does not announce a new rule of law retroactively applicable on collateral review. (Id. at 10-11.)

C.   Petitioner's Reply

Petitioner contends that he sought to bring the claims asserted in the instant § 2241 petition in the sentencing court under § 2255 to no avail. (Reply Brief, ECF No. 15 at 1.) Petitioner maintains that he has established his actual innocence of his conviction under 18 U.S.C. § 924(e). (Id. at 3.) In favor of jurisdiction, he contends:

> Respondent acknowledges that Petitioner's claim is one of first impression. All cases cited and decided in this current circuit have dealt with guideline enhancement, not statutory enhancement. See: Government's Answer at page 10, 2nd paragraph; "Furthermore, and relevant to the petition now before the Court, the Third Circuit has never held in a precedential opinion that the saving

6

> clause permits any challenges to an inmate's statutorily-enhanced sentence," and this, is what makes Petitioner innocent, it has never been decided by this Circuit. This is also why this Court has subject matter jurisdiction as this Circuit has never considered this situation. The extension of Dorsainvil to include this type of scenario is warranted.

(Id. at 4.)

    D.   Analysis

        1.   Applicable Law

In 1948, Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under 28 U.S.C. § 2241 with a process that allowed a prisoner to file a motion in the sentencing court on the grounds that his sentence was imposed in violation of the Constitution or laws of the United States. Bruce, 868 F.3d at 178 (3d Cir. 2017). A federal prisoner's collateral review of his conviction must be brought in the sentencing court under § 2255 unless he can show that the remedy is inadequate or ineffective to test the legality of his conviction. Id.

When Congress added limitations to § 2255 in 1996, including requiring permission from the appropriate Circuit Court of Appeals to file a second or successive motion under § 2255, the savings clause of § 2255(e) was untouched. Id. at 179. Thus, the Third Circuit held that in the unusual situation where an intervening change in statutory interpretation [by the Supreme Court] runs the risk that an individual was convicted of conduct that is not

7

a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241. Bruce, 868 F.3d at 179 (quoting In re Dorsainvil, 119 F.3d at 251).

The Third Circuit permits access to § 2241 to challenge the validity of a conviction or sentence under two conditions. First, "when there is a change in statutory caselaw that applies retroactively in cases on collateral review." Id. at 180 (quoting U.S. v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting Dorsainvil, 119 F.3d at 252)). Second, "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Id. In other words, "the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" Id. (quoting Dorsainvil, 119 F.3d at 251.))

      2.    Petitioner Does Not Meet the Dorsainvil Exception

Petitioner does not meet the conditions necessary to challenge his conviction or sentence in a § 2241 petition under the Dorsainvil exception because he had an earlier opportunity to challenge his sentencing enhancement under Pinion. In 1993, the Eleventh Circuit Court of Appeals interpreted U.S.S.G. § 4A1.2(d)(1) "which deals with the treatment of offenses committed prior to the age of eighteen for purposes of determining a defendant's criminal history." Pinion, 4 F.3d at 943-44.

Petitioner was sentenced in 2011. As Pinion was decided in 1993, it is not a new rule of law as contemplated by the Dorsainvil exception. Petitioner could have brought claims under Pinion in his first two motions under § 2255, and he indeed brought the claim in his third motion under § 2255, although he was procedurally barred. Relief is not available under § 2241 to avoid the gatekeeping requirements of Section 2255. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

IV. CONCLUSION

For the reasons discussed above, the Court dismisses the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 for lack of jurisdiction.

An appropriate Order follows.

Dated: May 6, 2020

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**